IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00929-BNB

JOSE RODRIGUEZ,

    Applicant,

v.

DENVER FIELD OFFICE, ICE

    Respondent.

ORDER OF DISMISSAL

    Applicant, Jose Rodriguez, is a prisoner in the custody of the Colorado Department of Corrections at the Limon Correctional Facility in Limon, Colorado. Applicant initiated this action by filing *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. The Court must construe the Application liberally because Applicant is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will deny the Application and dismiss the action.

    Applicant is challenging an immigration detainer filed against him by the Bureau of Immigration and Customs Enforcement (ICE). Applicant relies on the IAD and Colo. Rev. Stat. §§ 24-60-501(VI)(a) and 18-1-405 for disposition of the detainer. Applicant contends that the United States is bound by the provisions of the IAD when it activates the IAD provisions, and because he is requesting disposition of charges against him the detainer must be dismissed of or disposed of within 180 days. Applicant further

contends that the detainer also should be dismissed because the United States did not commence a trial within 120 days of his arrival in federal court.  Applicant asks that he be brought before the Court for a determination of the legality of the detainer.

The Court has reviewed the Detainer Notice attached to the Application.  The Detainer was acknowledged by the DOC on August 12, 2013 and was signed by Applicant on August 22, 2013.  Application, ECF No. 4, at 8.  The Detainer notes that Applicant is wanted by the Bureau of Immigration and Customs Enforcement because he is subject to deportation from the United States.  Applicant's reliance on the IAD is misplaced.

The IAD is an interstate compact entered into by the forty-eight states, the federal government, and the District of Columbia.  *See* 18 U.S.C. App. 2, § 2.  The purpose of the compact is to create uniform procedures for resolving one State's pending charges against an individual imprisoned by another State.  *See Alabama v. Bozeman*, 533 U.S. 146, 148 (2001); *United States v. Mauro*, 436 U.S. 340, 343-44, 349-53 (1978).  Under the IAD a "State" means a "State of the United States; a " 'State' shall mean a State of the United States; the United States of America; a territory or possession of the United States; the District of Columbia; the Commonwealth of Puerto Rico."  *See id.*, at Art. II(a).  According to the detainer, Applicant is not subject to pending charges in another State or criminal charges by the federal government.

Pursuant to 28 U.S.C. § 2241(c), Applicant may challenge the immigration detainer only if he is in custody pursuant to the detainer.  The fact that immigration officials have issued a detainer is not sufficient, by itself, to satisfy the custody requirement.  *See Galaviz-Medina v. Wooten*, 27 F.3d 487, 493 (10th Cir. 1994).

Applicant does not allege that immigration officials have taken any action with respect to his immigration status other than to issue a detainer. The Court, therefore, finds that Applicant is not in custody pursuant to the immigration detainer lodged against him and, as a result, his claim challenging the immigration detainer must be dismissed.

Even if Applicant could show that he is subject to a final order of deportation, the REAL ID Act divested federal district court of jurisdiction over § 2241 challenges to such orders, and Applicant's sole means of judicial review would be to petition the proper court of appeals. *Cabrera v. Trammel*, 488 F. App'x 294, 296 (10th Cir. 2012) (citing Zamarripa-Torres v. B.I.C.E., 347 F. App'x 47, 48 (5th Cir. 2009)).

The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order is not taken in good faith, and, therefore, *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Applicant files a notice of appeal he must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the Application is denied and the action is dismissed. It is

FURTHER ORDERED that leave to proceed *in forma paupers* on appeal is denied.

DATED at Denver, Colorado, this   1st   day of   May          , 2014.

BY THE COURT:

  s/Lewis T. Babcock
  LEWIS T. BABCOCK, Senior Judge
  United States District Court